# Ryder, Appellant, v. Jenkins.

*Sheriff's interpleader — Ownership of automobiles — Conflicting testimony—Case for jury.*

On the trial of a sheriff's interpleader to determine the ownership of two automobiles taken in execution by the sheriff and claimed by the plaintiff, the case is for the jury, and judgment on a verdict for plaintiff will be sustained where the record shows that the defendant in the execution ordered the automobiles and paid for them with the proceeds of a note endorsed by plaintiff; that he gave plaintiff a bill of sale for the two cars, and was given a lease for them by plaintiff; that according to the testimony of the chauffeur of the defendant in the execution the cars were consigned to the defendant in the execution; that they were put in possession of the chauffeur on arrival and kept in a garage leased by the defendant in the execution from plaintiff; that plaintiff never had possession of them; and that plaintiff's testimony contradicted that of the chauffeur.

Argued Nov. 12, 1918. Appeal, No. 86, Oct. T., 1918, by plaintiff, from judgment of C. P. Lancaster Co., Aug. T., 1916, No. 42, on verdict for defendant in case of L. E. Ryder v. D. J. Jenkins. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Issue framed on sheriff's interpleader. Before HASSLER, J.

In the course of the trial Mr. Davis asked Kelchner's chauffeur the following question in cross-examination: "Are you under indictment for the larceny of one of these machines?" The court refused to allow the witness to answer.

Verdict and judgment for defendant for $525. Plaintiff appealed.

*Errors assigned* were (1) the refusal to enter judgment for plaintiff n. o. v., (2) the submission of the case to the jury, and (3) refusal of cross-examination.

*B. F. Davis,* with him *V. C. Atlee,* for appellant, cited: Collins App., 107 Pa. 590; Stoddart v. Price, 143 Pa. 537; Myers v. Harvey, 2 P. & W. 478; Christ v. Zehner, 212 Pa. 188; Wallace's App., 104 Pa. 559.

*Chas. W. Eaby,* for appellee, cited: Huntzinger v. Harper, 44 Pa. 204.

OPINION BY WILLIAMS, J., January 3, 1919:

Jenkins issued execution against one Kelchner on a judgment for $65; the sheriff seized two automobiles which were claimed as the property of Ryder; an issue was framed to determine the superior right.

Kelchner ordered two automobiles and paid for them with the proceeds of a note for $1,000, endorsed by Ryder; he gave Ryder a bill of sale for the two cars and was given a lease for them by Ryder; Kelchner's chauffeur testified the cars were consigned to Kelchner, they were put in his possession (the chauffeur's) on arrival, and kept in a garage leased by Kelchner from Ryder; and that Ryder never had possession. Ryder's testimony contradicted that of the chauffeur.

The conflicting evidence was submitted to the jury which found for Jenkins and fixed the value of the cars at $525. Judgment was entered and Ryder appealed.

The cross-examination refused by the court was improper and irrelevant.

Jenkins's judgment against Kelchner is for $65. This amount with interest and costs is all he is entitled to receive upon execution.

The judgment is affirmed.